IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-01664-WYD-CBS

AVALANCHE FIBER OPTICS, INC., a Colorado Corporation, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff(s),

v.

PENN-STAR INSURANCE COMPANY, a Division of Penn-America Group, Inc., a Pennsylvania Corporation,

    Defendant(s).

## ORDER DIRECTING REMAND

THIS MATTER is before the Court on Review of the Notice of Removal.  On August 28, 2006, the Court issued an Order requiring the parties to respond to the Court's reservations concerning the propriety of the removal in this case, particularly as to whether the matter in controversy exceeds, exclusive of costs and disbursements, the sum or value of $75,000.  Plaintiff filed a Response on September 12, 2006, and Defendant filed a Response on September 13, 2006.

This is an insurance dispute in which Plaintiff, on behalf of itself and all others similarly situated, brings claims against Defendant for Breach of Contract, Bad Faith Breach of Contract, and Permanent Injunction, for Defendant's alleged improper rescission of insurance policies.  Defendant filed a Notice of Removal on August 22, 2006, seeking removal pursuant to 28 U.S.C. § 1332.  For a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000

and the matter must be between citizens of different states.  28 U.S.C. § 1332(a).  The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]."  *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

In its Response, Plaintiff states that the actual damages alleged in its Complaint as a result of Defendant's alleged bad faith total $16,125.02, together with prejudgment interest.  On Plaintiff's District Court Civil Case Cover Sheet, filed with the District Court for the City and County of Denver, Plaintiff indicated that the amount sought in this action exceeded $100,000.00.  Plaintiff contends that this assertion was based on its good faith belief that the aggregate amount of the claims of all class members would exceed $100,000.00.  However, as Plaintiff notes in its Response, plaintiffs with separate claims must each meet the jurisdictional amount in controversy.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1292 (10th Cir. 2001) (quoting *Leonhardt v. Western Sugar Co.*, 160 F.3d 631, 637 (10th Cir. 1998)).  Aggregation is only permitted when "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest."  *Id*.  I find that the damages sought by the putative class in this case are separate and independent and may not be aggregated for purposes of satisfying diversity jurisdiction.

Defendant states that subsequent to the removal of this action, Plaintiff and

Defendant agreed that the amount in controversy for the named Plaintiff does not meet the $75,000.00 threshold, and Defendant states that based on this agreement it "concedes that diversity jurisdiction does not apply." Accordingly, it is

ORDERED that this matter be **REMANDED** to the District Court for the City and County of Denver.

Dated: September 26, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge